UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Deniece Jones -          Plaintiff
12221 Brandywine Road, Brandywine, MD 2

Case: 1:07-cv-01994
Assigned To : Leon, Richard J.
Assign. Date : 11/6/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

v.

Defendant(s)
Special Agent Stephanie Yanta, FBI, Agents Kellie O'Brien, and Stephen Naugle, FBI
Detectives Norma Horne and Steve Kirschner, DC MPD
441 Fourth Street, NW, Sixth Floor North, Washington, DC 20001
US DOJ AUSA Rachel Lieber, AUSA John Geise
950 Pennsylvania Ave, NW, Washington DC 20004

I, Deniece Jones, do hereby come before the Courts to file civil claim against the US Department of Justice, the Federal Bureau of Investigation, FBI Special Agent Stephanie Yanta, FBI Agent Kellie O'Brien, FBI Agent Stephen Naugle; DC MPD Detectives Norma Horne and Steve Kirschner; Assistant US Attorney Rachel Lieber, and Assistant US Attorney John Geise for damages in the amount of $22,000,000 for violation of my constitutional rights by government officials acting under Color of Law pursuant to 42 U.S.C.1983.

STATEMENT OF FACTS
Assistant US Attorneys Rachel Lieber and John Geise, along with FBI agents have violated several of the Rules of Professional conduct (Rule 3.8, Rule 8.4). Attorneys Lieber and Geise displayed blatant disregard for the truth, were dishonest, deceitful and made numerous misrepresentations to the courts, judges, trial jury, in the many affidavits, grand jury and pretrial motions and during the trial of *US v Jones, et al, CR-05-0386*. The government attorneys and agents violated the law, made numerous false, slanderous and perjured statements, violated many ethical codes, willfully ignored and violated my constitutional rights, and placed themselves above the law.

RECEIVED
OCT 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

In an effort to cover up wrongful acts committed by the government agents, the government agents and attorneys conspired, altered, withheld and did not disclose some very important and significant Brady material under Rule 16. These items of evidence would have revealed the illegal actions taken by the FBI agents and further, the withholding of these items violated my Constitutional Rights and seriously interfered with Administration of Justice and violating the Code of Professional Conduct (Rule 3.8, Rule 8.4).

The Act of Perjury (Black Law) – The act or an instance of a person's deliberately making false or misleading statements while under oath.

The Act of Misconduct (Black Law) – Unlawful or improper behavior, corrupt violation of his or her duties, reckless disregard of another Rights, dishonesty or attempt to persuade a court or jury by using deceptive or reprehensive method.

The Law states, act or omission by an attorney, (prosecutors or persons which violating the attorney oath of office or the Rule of Code of Professional Conduct, currently in effect in the District of Columbia shall constitute misconduct. When the Government and law enforcement willfully ignore these violations and intentionally violate these misconducts. The Government knows the consequences and when they choose this course of action the consequences will be severe. When a member of the Bar is found to have betrayed his or her highest trust and has violated legal ethics by showing bias and prejudice towards a defendant or defense team, warrant prosecutorial misconduct.

The trial proceedings revealed numerous examples of perjury (USC 18§1623 False Declarations before Grand Jury or Court), false statements, misstatements and misconduct in the affidavit in the statement of facts.

The US Supreme Court has ruled repeatedly that prosecutors have an ongoing duty to locate discoverable evidence held by agents of the State and present the discovery evidence in a timely manner, not during trial or when a witness gets up for the

Government, as was the case in this trial. Even if the prosecutor doesn't know about the evidence because the agents withheld it, as fellow agents of the Government, prosecutors are held to have "constructive knowledge" of law enforcement evidence. This is about making sure that the trial is a search for the truth, and the truth comes out. The neglect of the Brady material under Rule 16, by the Government which is favorable to the accused upon request violates due process. The Government held back on numerous items of Brady material as well as Jencks and Giglio materials.

Complaint #1: Assistant US Attorney, John Geise along with Detective Norma Horne together conspired to mislead and deceive the Grand Jury on January 26, 2006 when Norma Horne testified under oath that my husband and I owned 6 houses. Refer to Norma Horne's grand jury testimony [violating federal criminal Code 18§1623].

Complaint #2: TRIAL transcript of 11/27/2006 am: Detective Steve Kirchner placed a GPS tracking device on my personal auto which was in violation of a Court Order. Although Judge Huvelle allowed the GPS data to be admitted in the criminal trial, my complaint is that my constitutional rights were violated because the GPS device was put on the vehicle in violation of a Court Order. In the criminal trial, Assistant US Attorney John Geise further violated my constitutional rights. Mr. Geise once again violated the Rules of Professional Conduct by being dishonest, deceitful and interfering with Administration of Justice. During the trial on November 27, 2006 (am), Mr. Geise presented the court with a **tainted GPS data** which was shown to contradict the actual GPS data, (page 16 lines 1-19) which Mr. Balarezo (defense attorney) presented to Detective Steve Kirchner during his testimony. Detective Kirchner testified that the agents disconnected the GPS device at 5:21 am on October 24, 2005 during the search of the Moore Street house. Mr. Geise went as far as to double talk and deceive the court by tainting (altering) the October 24, 2005 GPS data.

Complaint #3: Prosecutorial Misconduct – Rachel Lieber: RULE 16, BRADY MATERIAL, NON-DISCLOSURE VIOLATION. Assistant US Attorney Rachel Lieber

3

denied defendant (Jones) the right to discovery under Rule 16, Brady Material, violating Ethical Code (Rule 3.8, Rule 8.4), denying defendant the right to prepare for a fair trial.

Assistant US Attorney Rachel Lieber denied me the opportunity to visit with my husband, defendant Antoine Jones, Sr., while he was being detained at DC Jail and she also denied him the opportunity to make telephone calls, receive mail, or have any contact or communicate with me for approximately four months (Nov 2005-Mar 2006). Ms. Lieber made this determination on her own without consulting the Courts and without permission or order from the Court. In addition to the mental hardship this presented to me and my family, Ms. Lieber also violated certain Civil liberties, including the defendant's right to discovery under Rule 16, Brady Material, violating Ethical Code (Rule 3.8, Rule 8.4), denying defendant the right to prepare for a fair trial.

On Tuesday, September 26, 2006 at 2:19 pm Rachel Lieber sent an e-mail to Mr. Balarezo (defense attorney) discussing materials seized from the Moore Street house on October 24, 2005. Ms. Lieber advised Mr. Balarezo not to waste his time to go through the seized discovery documentation. Mrs. Lieber also stated that he could feel free to print out the e-mail and use it against her in the future. Ms. Lieber further stated "of course, if we do stumble across something in our final review that we decide is necessary, we'll flag it for you."

Ms. Lieber went on to state that "the Jones kept everything and they (the agents) seized over 30 something boxes" from the Moore Street house.

I am a licensed Realtor as well as a small business owner. I operate a consulting firm from my home as well as a real estate investment venture. Ms. Lieber and Ms. Yanta ignored many requests for documents that were taken from the Moore Street house which did not pertain to a criminal investigation, but were in fact crucial to the continuance of my consulting business as well as my real estate investment business. Through the many requests defendant Jones made for his Rule 16 Discovery, through motions, notes in court, and through requests to the judge in open court, the prosecutor has ignored all of

defendant's requests and has not given defendant all of the discovery documents from the Moore Street house. During the trial, by court order, defendant Jones was allowed to go through a select few of the boxes of documents taken from the Moore Street house where he was allowed to flag some items. The agents decided which boxes the defendant would be allowed to go through. Defendant did "flag" some items to assist his defense, but still has not received copies of the items he "flagged". Defendant Jones noted that some of the items he was interested in using in his defense which were seized from the Moore Street house, i.e., club flyers, financial documents, cell phone bills, etc., were never presented to him, nor were they in the boxes of documents that the agents allowed the defendant to go through. In essence the agents decided which items they would allow the defendant to view and all other items were kept from the defendant, myself (defendant's wife) and the defense legal team. This act severely handicapped my ability to continue my business affairs in both the consulting business and the real estate business. Rule 16 states that the defendant is entitled to his discovery and in a timely manner. The non-disclosure of these relevant documents, discovery, and important evidence, under Rule 16, the Brady Material is a violation of Ethical Code, Rule 3.8, Rule 8.4 and Prosecutorial Misconduct.

Complaint #4: Special Agent Stephanie Yanta created an affidavit and presented to the courts to obtain Wiretap authorization on the cell phone used by my husband (Antoine Jones). Agent Yanta further used information obtained through the wiretap to lie, harass, deceive, and interfere with my legitimate business partners. Refer to September 2, 2005 wiretap Affidavit.

Complaint #5: Invasion of Privacy, Intrusion and Trespassing on the Jeep Cherokee: On September 27, 2005, the FBI agents and FBI technician illegally trespassed on the Jeep Cherokee while the Jeep was parked at the Real Estate office (my place of business) on a private lot.

The technicians connected an electronic monitoring device on the Jeep after the expiration of the Court Order. This is a clear case of contempt of court, and a violation of

the court order. Further, the FBI agents also violated 18§3117, placing the device on the Jeep outside of their jurisdiction. With these two violations, an expired court order, placing the device on the vehicle while the vehicle was located outside their jurisdiction, the FBI agents and FBI technician broke the law and again, violated my constitutional rights. The FBI agents and technician further broke the law and violated my Constitutional Rights by entering my house on Moore Street, Waldorf to replace the battery on the GPS device while the Jeep was parked inside my garage. (Refer to GPS data October 19, 2005 and Detective Steven Kirschner's trial transcript). This data shows the agent put the GPS device on the Jeep while it was parked in the garage on Moore Street.

Complaint #6: Illegal Search of Moore Street house and the Jeep Cherokee: FBI Agent Stephen Naugle entered the Moore Street house without a search warrant. A search warrant was never presented, signed, photographed nor was a copy of a search warrant or Attachment A left with the occupants. The agents (FBI and DC MPD Safe Streets Task Force) all entered the house in the dark, came up stairs to the bedrooms and snatched me and my family out of our beds, pointed guns at our heads and made us lay on the floor while they commenced to search the house.

Agent Naugle perjured himself in the trial. He testified that they entered the house after 6 a.m. The GPS data on the Jeep Cherokee shows the last entry on the device (when the agents disconnected it) was at 5:21 a.m. My wife testified under oath that the agents entered the house at 4:45 a.m. Further, my son who was attending college in Baltimore set his alarm clock for 5:00 a.m., and he leaves the house at 6 a.m. each morning. On the morning of October 24, the agents entered the house before his 5 a.m. alarm sounded. My husband and I have our television alarm set for 6 a.m. and we get up each morning at that time to start our day and see our son off to school and make sure he is properly prepared for his long commute. (It also serves as a backup incase my son's alarm fail.) The agents were inside the house, we were handcuffed and they were well into their searching when the television alarm came on at 6 a.m. The agents were startled by the noise. Both of these alarms sounded while the agents were inside the house.

6

Other houses were searched on that morning as well as my home. The other locations have a photograph of the Search Warrant and Attachment A. The photos were taken with the residents either holding the search warrant or it was photographed inside the location or attached to the wall. During the search at my residence (Moore Street) one of the agents (an Asian) repeatedly asked the other agents if he should "take a picture of the search warrant now". There is no photo of a search warrant or Attachment A at the Moore Street house. The agents never presented me, my husband or my son with a search warrant or Attachment A. The search warrant document states that a copy of the search warrant and Attachment A must be signed by the occupants and left at the location. The agents took over 40 boxes of our personal, private, and business documents and they had me sign the inventory sheet for the items they took from the house. Again, I assert there was no search warrant or Attachment A presented, signed or left at the premise.

The government agents also made perjured statements when they testified that my husband signed a consent form for the search of the Jeep Cherokee. From the time the agents entered my house on Moore Street, snatched us out of bed and handcuffed us with our hands behind our back, we remained cuffed. Detective Norma Horne testified (see grand jury testimony) that my husband pointed out bags of money inside the Jeep. None of us either signed a consent form nor did we point to any money inside the Jeep. During the trial Detective Sopota, MPD, testified that he retrieved bags of money from the Jeep. I assert that the signature on the consent form is a forgery. This demonstrates numerous accounts of misconduct by the government.

Complaint #7: Before the trial, during the trial and after the trial, defense attorney, Mr. Balarezo requested the August 1, 2005 pen register application and order. The government has not, as of yet, given a signed pen register application or order to the defense attorney. It is noted in the trial transcript where all of the defense attorneys requested the pen register application. If the government has the August 1, 2005 pen register application but refuses to turn it over to the defense counsel, this is a violation of the law and an example of prosecutorial misconduct. If the August 2005 pen register

7

application does not exist, then the agents lied under oath, and are in violation of the law again for invading and intruding on my privacy without a court order.

Complaint #8:  Horne Materially False Statement:  Detective Norma Horne testified, page 19, lines 20-21.  Agent Horne testified "we believe he has several houses from Baltimore, PG County.  We think it is six".  Norma Horne is co-lead agent along with Agent Yanta.  According to the testimonies provided by the agents, this investigation was supposed to have been going on since late 2004.  During the wiretap and investigation, investigators only mentioned the Brandywine Road house.  The Brandywine Road house is actually a property rented out to my mother and sister.  My husband and I were buying and living in the Moore Street house in Waldorf, Maryland.  My husband and I also own a house (an uninhabitable shell) in Baltimore, Maryland which we purchased in August 2005.  It's deceiving and perjury for Detective Horne to testify that we own "six" houses.  Detective Horne knowingly and corruptly made these false declarations in an effort to mislead the jury.

Horne Materially False Statement:  Norma Horne intentionally perjured herself by testifying under oath, "it was told to me" that "he directed agents when they let him know it was a search warrant, that he had money in his vehicle, and took them out to the vehicle, and pointed out some are in the brief case and some are in bags, plastic bags, I believe brown bags…"  Norma Horne is again deceiving the Grand Jury.  During the search of the Moore Street house, the agents implied my husband signed a "consent to search" form.  (If they had a search warrant, why would they need to ask him to sign a "consent to search" form – here again, this further supports our claim that the agents entered the Moore Street house without a search warrant.)  Not once, in any statements, any documents, nor during pre-trial is any information on record that Mr. Jones went out to the garage and pointed out anything to the agents.  I challenge Norma Horne's false testimony, by arguing that from the time the agents entered the house and demanded everyone in the house to lie down on the floor, they handcuffed all the occupants.  Never was it stated, written or communicated in any manner that the agents took Mr. Jones to the garage, removed the handcuffs and Mr. Jones pointed out anything in the garage or

inside the Jeep itself. Agent Horne testified about these events as the lead agent; however there is no report of such events. The truth of the matter is that the agents entered the Moore Street house without a search warrant and the agents dishonestly conspired and created this fictitious statement to cover their "illegal search and entry." While the agents were in the house conducting the search, one agent in particular (an Asian) repeatedly asked if he should photograph the search warrant. That photograph was never taken and never presented. The FBI agents knowingly and corruptly chose to enter and search our home without showing or presenting a search warrant; a clear violation of the law.

Complaint #9:  FBI Agent Kelli O'Brien – Grand Jury testimony March 14, 2006
O'Brien Bias and Misleading Statement:   Agent O'Brien fully discussed the GPS which was installed on the Jeep Cherokee without a court order. [The agents violated U.S.C. 18§3117 and the 10-day Execution Order.] Agent O'Brien mentioned viewing the GPS system. I argue the GPS was illegally installed on my private auto, the Jeep Cherokee. On page 5, lines 1-4, Agent O'Brien testified that the GPS installation was pursuant to a court order. The truth of the matter is that the court order had expired prior to the installation of the GPS device on the Jeep Cherokee.

Complaint #10:  On September 2, 2005, Special Agent Stephanie E. Yanta, Federal Bureau of Investigation requested an application for an authorizing the interception of wire communication to and from mobile cellular telephone number 202-538-3946 (ESN01033 0005007579). Special Agent Yanta also applied for a search warrant for computer networks maintained by electronic communication service provider Sprint Spectrum L.P. and Cingular Wireless. Agent Yanta violated U.S.C. 2518, she also mislead, deceived and demonstrated reckless disregard for the truth (Frank v. Delaware).

There was no probable cause in the September 2, 2005 wiretap affidavit, the August 10, 2005 and August 18, 2005 text messages affidavits. Facts and evidence to support this were revealed during the trial. Agent Yanta testified Friday, October 27, 2006, Monday, October 30, 2006 and in November 2006. Trial testimonies of Tymira Hunter, Karissa Jones, and Quentessa Broussard revealed much of the slander in Yanta's affidavit. Agent

9

Yanta accused two deceased people throughout the affidavit of probable cause. Also presented at trial was cell phone record from 202-583-3946, tainted pen register, and other facts and trial discovery which had been altered, tainted or proven fictitious. The trial transcripts along with the discovery prove that Special Agent Yanta intentionally committed perjury, wrong doing, slander, misleading, and deceived the courts.

Complaint #11: Agent Yanta, the FBI, and the DC MPD Safe Streets Task Force monitored and illegally eavesdropped on my personal, business and private conversations.

Complaint #12: Agent Yanta, the FBI, and the DC MPD Safe Streets Task Force did not minimize my personal, private and business calls pursuant to the provision of 18U.S.C. 2518. Agent Yanta illegally retrieved the text messages from cell phone 202-583-3946, used the text messages to mislead and deceive the Judge in the probable cause section in the September 2, 2005 wiretap affidavit. Agent Yanta made false statements, slanderous statements, false conclusions and displayed reckless disregard for the truth.

Complaint #13: Agent Yanta's September 2, 2005 wiretap affidavit has no probable cause, no incriminating facts or evidence, only deception, perjury statements and false information.

Complaint #14: Wrongful arrest, slander, invasion of privacy, loss of consortium, depression and stress inflicted by the FBI and MPD Safe Streets Task Force.

Complaint #15: Ms. Rachel Lieber and Mr. Jack Geise both engaged in prosecutorial misconduct by allowing, encouraging and participating along with the FBI, MPD and ICE agents and detectives in deceiving the courts, manipulating the facts, and forging false documents, witness testimonies and statements throughout the trial.

Deniece Jones

*/s/ Deniece Jones*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

L
07-1994
RJL

## I (a) PLAINTIFFS
Deniece Jones

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NTP)

## DEFENDANTS
Special Agent Stephanie Yanta, FBI, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01994
Assigned To : Leon, Richard J.
Assign. Date : 11/6/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (If Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (If Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** 22 million   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

**DATE** 11/6/07   **SIGNATURE OF ATTORNEY OF RECORD** NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd