## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Deniece Jones,

     Plaintiff,

    v.

Stephanie Yanta, *et al.*,

     Defendants.

C.A. No.: 07-01994 (RJL)

## DEFENDANTS STEVE KIRCHNER AND NORMA HORNE'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT

Defendants, Steve Kirchner and Norma Horne, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(5), and/or 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's Complaint.  As grounds therefore, the defendants state that:

    1)    Plaintiff failed to effectuate proper serve against these defendants in accordance with Fed. R. Civ. P. 4; and

    2)    Plaintiff's Complaint does not meet the requirements of Fed. R. Civ. P. 8 and 10; and

    3)    Plaintiff has failed to state a claim against these Defendants for which she is entitled to relief

Accordingly, dismissal is appropriate against these defendants with prejudice.  A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

                              Respectfully submitted,

                              PETER J. NICKLES
                              Interim Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division


                              ___/s/ Patricia A. Jones_____
                              PATRICIA A. JONES [428132]
                              Chief, General Litigation, Section IV

                              ___/s/ Leticia L. Valdes_____
                              LETICIA L. VALDES [0461327]
                              Assistant Attorney General
                              441 4th Street, N.W.
                              Sixth Floor South
                              Washington, D.C. 20001
                              (202) 442-9845; (202) 727-3625
                              Leticia.Valdes@dc.gov


## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the Defendants Steve Kirchner and Norma Horne's Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was mailed, first class, postage prepaid, this 14th day of March 2008, to:

Ms. Deniece Jones
12221 Brandywine Road
Brandywine, Maryland 20613


                              ___/s/ Leticia L. Valdes_____
                              LETICIA L. VALDES
                              Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Deniece Jones, | |
| Plaintiff, | |
| v. | C.A. No.: 07-01994 (RJL) |
| Stephanie Yanta, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
STEVE KIRCHNER AND NORMA HORNE'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

In support of their motion to dismiss, defendants Steve Kirchner and Norma Horne
(hereinafter collectively referred to as "defendants") state as follow:

**Preliminary Statement and Relevant Facts**

Plaintiff Deniece Jones filed her Complaint on November 6, 2007, against Special Agent
Stephanie Yanta, FBI Agents Kellie O'Brien and Stephen Naugle, MPD Detectives Steve
Kirschner and Norma Horne, as well as Assistant United States Attorney John Geise and Rachel
Lieber. *See* Complaint, Generally, at Docket Entry # 1. The crux of plaintiff's claims involves
events that she alleges took place during the prosecution of Antoine Jones. *See USA v. Jones, et
al,* CR-05-0386.   Plaintiff Deniece Jones was not a defendant in *USA v. Jones*[1].  In that case,
Antoine Jones and other defendants were charged in a 34-count Superseding Indictment with
Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or more of Cocaine
and 50 Grams or More of Cocaine Base. *See U.S. v. Jones*, 451 F.Supp.2d 71, 73 (D.D.C. 2006).
As part of their investigation into the alleged conspiracy, law enforcement agents utilized a

---

[1] Upon information and belief, Antoine Jones, one of the defendants in *USA v. Jones,* CR-05-0386, is
plaintiff's husband.

number of investigative techniques, including placing an electronic tracking device on Antoine

Jones' vehicle. *Id*. On January 10, 2008, Antoine Jones was convicted of Conspiracy with Intent

to Distribute a Controlled Substance. *See USA v. Jones, et al*, CR-05-0386, at Docket Entry #

444.

Plaintiff alleges that detective Norma Horne conspired to mislead and deceive the Grand

Jury on January 26, 2006, and also perjured herself during the trial testimony. *See* Complaint,

generally. Plaintiff further alleges that Steve Kirchner placed a GPS tracking device on her

personal auto in violation of a Court Order. *Id*. Plaintiff seeks compensation from both

defendants Horne and Kirschner. See Complaint, generally.

For the following reasons, Steve Kirchner and Norma Horne are entitled to dismissal of

the Complaint against them as a matter of law.

### *ARGUMENT*

**A.    <u>Standard for Motion to Dismiss.</u>**

1.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5).

Fed. R. Civ. P 12 provides that the following defenses may be made at the option of the

pleader by motion: (5) insufficiency of service of process. Dismissal is appropriate if the

evidence shows that plaintiff's service of process was insufficient. *See Light v. Wolf,* 259 U.S.

App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v.

Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003, holding, "[t]he party on whose behalf service is made

has the burden of establishing its validity when challenged; to do so, he must demonstrate that

the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any

other applicable provision of law."

2.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**B.      Plaintiff Has Failed to Effectuate Proper Service.**

Pursuant to the express language of Fed. R. Civil P. 4(e)(2), service may be effected on an individual within the United States by delivering ""a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process."  This language is unambiguous in its mandate.  Without completion of the steps set forth in the statute, including proper delivery of the summons to the individual or their authorized agent, process is incomplete.

The defendants in this case were not personally served.  Moreover, no authorized agent of the defendants accepted service on their behalf. See attached affidavits.[2]  It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004).  Plaintiff's failure to properly serve the named defendants in this litigation requires dismissal of her court action against these defendants.

**C.    Plaintiff's Complaint Fails to Comport With Fed. P. Civ. R. 8 and 10, and Dismissal Is Appropriate.**

Pursuant to F.R.C.P. Rule 8(a), "[a] pleading which sets forth a claim for relief … shall contain … (1) a short and plaint statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.  In her Complaint, plaintiff provides no basis for this court's jurisdiction.

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…."  "Each claim founded upon a separate transaction or occurrence … **shall** be stated in a separate count…whenever a separation facilities the clear presentation of the matters set forth."  (Emphasis added.)

---

[2] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S. App. D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 90 U.S. App. D.c. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment." *See Nix v. Fulton Lodge No. 2, International Association of Machinists*, 452 F.2d 745, 279 (5th Cir. 1971); *cert. denied*, 406 U.S. 946 (1972), note 3.

As set forth above, the language contained in Rule 10 is mandatory.  Plaintiff filed a 10-page

Complaint, but the averments are not set forth in numbered paragraphs and do not satisfy the

requirements of Rule 10. See Complaint, generally.  Therefore, dismissal of the Complaint is

warranted because plaintiff failed to comply with Rules 8 and 10.

**D.    Plaintiff's claim that defendant Kirschner placed a GPS device in her vehicle is not
actionable and does not violate her constitutional rights.**

In this case, plaintiff alleges that Detective Steve Kirchner placed a GPS tracking device

on her personal automobile in violation of the Court Order in *USA v. Jones*, *et al.*, CR-05-0386[3].

In the *Jones'* case, the Court issued an Order allowing for the placement of the device on the

defendant's (Antoine Jones) vehicle for a specified time period.  However, the GPS device was

placed on the vehicle after the expiration of the Order.  The United States argued that the placement

of the GPS device was proper -- "even in the complete absence of a court order" -- because

[defendant] Jones lacked a reasonable expectation of privacy in the whereabouts of his vehicle.

*See U.S. v. Jones*, 451 F.Supp.2d 71, 88 (D.D.C. 2006).  The *Jones'* Court held that the

government is not required to obtain a court order or search warrant to install a GPS or similar

tracking device on a vehicle to monitor it in public. *Id., citing United States v. McIver*, 186 F.3d

1119, 1127 (9th Cir. 1999) (placement of tracking device is neither search nor seizure under the

Fourth Amendment); *United States v. Moran*, 349 F.Supp.2d 425, 467 (N.D.N.Y. 2005) (no

---

[3] Antoine Jones raised a similar issue in USA v. Jones, et al, CR-05-0386 in a Motion to Suppress
Evidence from the Mobile Tracking Device. In response to Antoine Jones' Motion to Suppress the
government conceded that the GPS device was placed on the vehicle after the Order authorizing its
placement had expired but the government argued that "the placement of the GPS device was proper--
"even in the complete absence of a court order"-because [Antoine] Jones lacked a reasonable expectation
of privacy in the whereabouts of his vehicle." *See U.S. v. Jones*, 451 F.Supp.2d 71, 87 (D.D.C. 2006).
Judge Huvelle ruled that the government is not required to obtain a court order or search warrant to install
a GPS on a vehicle and any data obtained from the vehicle while in public spaces was admissible against
Antoine Jones. Only data obtained from the GPS device when the vehicle was parked in the garage
adjoining a Moore Street property must be suppressed. *Id.*

Fourth Amendment violation through installation of GPS device without a warrant because "law enforcement personnel could have conducted a visual surveillance of the vehicle as it traveled on the public highways").  See also, *United States v. Knotts,* 460 U.S. 267, 103 S. Ct. 1081, 75 L. Ed.2d 55 (1983), a case involving a "beeper" device installed in a container that was secreted in a vehicle, that:

> A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another. When [the suspect] traveled over the public streets he voluntarily conveyed to anyone who wanted to look the fact that he was traveling over particular roads in a particular direction, the fact of whatever stops he made, and the fact of his final destination when he exited from public roads onto private property.

In the case at bar, plaintiff's conclusory allegations that defendant Kirschner should be held liable for placing a GPS device on her vehicle fails as a matter of law because the alleged placement of the device did not violate her Fourth Amendment or any other constitutional rights.  *Id.*

**E.      Plaintiff has failed to state an actionable claim against defendant Horne for which she is entitled to relief.**

Plaintiff alleges that on January 26, 2006, defendant Horne conspired to mislead and deceive the Grand Jury when she testified that plaintiff and her husband Antoine Jones owned 6 houses.  See Complaint, page 3.  It appears that plaintiff seeks to challenge the criminal conviction of her husband through an attack on defendant Horne's alleged testimony.  This is not the proper forum for her challenge.  Plaintiff was not a party to the criminal charges filed against her husband Antoine Jones.  Moreover, she does not allege that criminal charges filed against her.  See Complaint, generally.  Instead, without evidentiary proof, plaintiff merely alleges that detective Norma Horne testified that she owned 6 houses.  Plaintiff's conclusory allegations are insufficient to establish constitutional misconduct committed by defendant Horne.

In *Jones, supra.,* the defendant claimed that affidavits filed in support of certain warrants contained false statements. The *Jones* Court opined that an evidentiary hearing is required "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 155-56 (1977). The rule set forth in *Franks*, "has a limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." *Id.* at 167. As the D.C. Circuit has instructed, "a defendant is entitled to an evidentiary hearing *only* if his attack on the accuracy of the affidavit is 'more than conclusory' and is accompanied by 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'" *United States v. Gaston,* 357 F.3d 77, 80 (D.C. Cir. 2004). Furthermore, even if the defendant makes the requisite preliminary showing, a hearing is not required unless the alleged misstatement was material to the finding of probable cause.

In the case at bar, there are no factual allegations that defendant Horne had the necessary scienter required to support plaintiff's claim against her. More importantly, plaintiff has failed to plead what rights were violated through defendant Horne's purported false statements to the grand jury, and certainly did not show that she incurred any injury or damage resulting from defendant Horne's alleged actions. See Complaint, generally. Because plaintiff has not provided this defendant with sufficient notice of the alleged constitutional claims against her, and the facts plead do not rise to the level of actionable constitutional violations, dismissal of this action against defendant Horne is appropriate. See Rule 8.

WHEREFORE, defendants Kirchner and Horne respectfully request this Court to grant their motion for dismissal for the reasons set forth above.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-3625
Leticia.Valdes@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Deniece Jones,

      Plaintiff,

    v.

Stephanie Yanta, *et al.*,

      Defendants.

C.A. No.: 07-01994 (RJL)

# O R D E R

Upon consideration of the defendants Steve Kirschner and Norma Horne's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2008,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED WITH PREJJUDICE against defendants Steve Kirschner and Norma Horne.

 

_____
JUDGE RICHARD J. LEON
United States District Court for the District of Columbia

cc:    Ms. Deniece Jones
       12221 Brandywine Road
       Brandywine, Maryland 20613

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Deniece Jones,

      Plaintiff,

    v.

Stephanie Yanta, *et al.*,

      Defendants.

C.A. No.: 07-01994 (RJL)

## AFFIDAVIT OF STEVEN KIRSCHNER

I, Steven Kirschner, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Deniece Jones v. Stephanie Yanta, et al.*, Civil Action No.: 07-01994.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Steven Kirschner

SWORN AND SUBSCRIBED before a Notary Public, this /20th day of March, 2008.

_____ My Commission Expires: _____
Notary Public, D.C.

SYLVIA D. WILLIAMS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2011

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Deniece Jones,

      Plaintiff,

    v.

Stephanie Yanta, *et al.*,

      Defendants.

C.A. No.: 07-01994 (RJL)

### AFFIDAVIT OF DETECTIVE NORMA HORNE

I, Norma Horner, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Deniece Jones v. Stephanie Yanta, et al.*, Civil Action No.: 07-01994.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                          Norma Horne

SWORN AND SUBSCRIBED before a Notary Public, this 6th day of March, 2008.

Notary Public, D.C.    My Commission Expires:

SYLVIA D. WILLIAMS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2011