UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICE JONES, | ) |
|        Plaintiff, | ) |
|        v. | ) Civil Action No. 07-1994 (RJL) <br> ) (ECF) |
| STEPHANIE YANTA, et al., | ) |
|        Defendants. | ) |

**FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42(a), the United States Department of Justice, Federal Bureau of Investigation Special Agents/ employees, Stephanie Yanta, Kellie O'Brien and Stephen Naugle as well as Assistant United States Attorneys Rachel Lieber and Jack Geise (collectively "Federal Defendants"), by and through the undersigned, hereby move to consolidate the captioned matter with *Jones, Jr. v. Yanta*, 07-1996(RJL) and *Johnson v. Yanta*, 07-1995(RJL). Answers or other responses to these complaints are due on March 27, 2008. There are good reasons for this motion.

Fed. R. Civ. P. 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Scarborough v. Nat. Assoc. of Surety Bond Prod.*, 447 F.Supp.2d 64, 70-71 (D.D.C. 2007) (quoting the rule). The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. *Id*. (citing *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). In determining whether consolidation is appropriate, "courts

weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.*; *see also Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency..." by avoiding redundancy). These important considerations suggest that consolidation is appropriate here.

These three complaints as well as other civil complaints are pending before the Court: *Jones v. Lieber*, 07-1027 (RJL); *Jones v. Yanta*, 07-1172 (RJL); *Maynard v. Yanta*, 07-1193 (RJL); *Jones v. Horne*, 07-1300(RJL); all arise out of an FBI investigation into Antoine Jones who was recently convicted on drug charges and awaits sentencing. *US v. Jones*, 05-386(ESH).[1] By way of background, in or about October 2004, the FBI obtained information about a large narcotics trafficking organization operating in the greater Washington, D.C. area and commenced an investigation. The investigation revealed that this organization was headed by Antoine Jones with the aid of Lawrence Maynard. As part of the investigation, federal agents obtained several lawful warrants and used them as authorized. On October 24, 2005, federal agents took down the organization by executing several lawful search warrants on Jones' homes and businesses. *See generally, US v. Jones*, 451 F.Supp.2d 71 (D.D.C. 2006) (ESH).

The complaints sought to be consolidated are virtually identical. Although not numbered by paragraph, Plaintiffs allege that Defendants Lieber and Geise violated the Rules of Professional Conduct by making misleading statements in the criminal trial. Complaint 07-1994 at pp 1-3; complaint 07-1995 at pp 1-3; complaint 07-1996 at pp 1-2. Plaintiffs further allege that documents were removed from their home and not returned, which affected Deniece Jones'

---

[1] With regard to claims brought by defendants in the criminal matter, those matters are either fully briefed, stayed until conclusion of criminal proceedings or a motion to stay is pending.

real estate business. Complaint 07-1994 at pp 4-5; complaint 07-1995 pp 3-4; complaint 07-1996 at pp 3-4. All Plaintiffs challenge the validity and execution of wiretap warrants and search warrants executed during the investigation and when the organization was finally brought down. To the extent there are any differences in Plaintiffs' pleadings, they arise from the investigation. For example, Plaintiff Deniece Jones alleges that GPS tracking devices was illegally placed on her vehicle, complaint 07-1994 at pp 3, while Antoine Jones, Jr. alleges that he dropped out of school because of mental anguish and hardships placed on his family by his father's arrest. Complaint 1996 at p 3. Nevertheless, consolidation is proper because the allegations arise out of "common questions of fact [and] law." Fed. R. Civ. P. 42(a). Above all, consolidation is also expedient to conserve judicial resources.

Because plaintiffs are, appearing here *pro se*, and do not list a telephone numbers where they can be reached, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact them regarding this motion.[2]

WHEREFORE, Federal Defendants respectfully request that these matters be consolidated under CA No. 07-1994. Federal Defendants also respectfully request that the Court order that a response to Plaintiffs' complaint is due within thirty (30) days of a granting of the within motion. A proposed order is attached.

March 21, 2008                                  Respectfully submitted,

                                                /s/_____
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and nonprisoner pro se parties.

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENIECE JONES,** | ) |
| **Plaintiff** | ) |
| v. | ) Civil Action No. 07-1994 (RJL)<br>) (ECF) |
| **STEPHANIE E. YANTA** | ) |
| **Defendant.** | ) |

### ORDER

UPON CONSIDERATION of Federal Defendants' Motion to consolidate, support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court this ____ day of _____, 2008, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED that 07-1994; 07-1995; and 07-1996 are hereby consolidated into one action with the lead case being 07-1994.

FURTHER ORDERED that Federal Defendant shall file an answer or other response within thirty (30) days of this Order.

_____
HON. RICHARD J. LEON, U.S.D.J.

## CERTIFICATE OF SERVICE

     I certify I caused copies of the foregoing Federal Defendants' Motion to Consolidate to be served by first class mail upon *pro se* plaintiff at:

Denice Jones
12221 Brandywine Road
Brandywine, MD 20613

Antoine B. Jones
12221 Brandywine Road
Brandywine, MD 20613

and

Mary Johnson
12221 Brandywine Road
Brandywine, MD 20613


on this 21th day of March, 2008    _/s/_____
                                                                      KENNETH ADEBONOJO
                                                                       Assistant United States Attorney