## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Deniece Jones, | |
|       Plaintiff, | |
| v. | C.A. No.: 07-01994 (RJL) |
| Stephanie Yanta, *et al.*, | |
|       Defendants. | |

### DEFENDANT STEVEN KIRCHNER'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT

Defendant Steven Kirchner, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 2(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's Complaint. As grounds therefore, the defendant states that:

1)      Plaintiff's Complaint does not meet the requirements of Fed. R. Civ. P. 8 and 10; and

2)      Plaintiff has failed to state a claim against this Defendant for which she is entitled to relief

Accordingly, dismissal is appropriate against this defendant with prejudice. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

                        Respectfully submitted,

                        PETER J. NICKLES
                        Interim Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES [461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 730-1881
Leticia.Valdes@dc.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the Defendant Steven Kirchner's Motion to Dismiss

Plaintiff's Complaint, Memorandum of Points and Authorities in Support thereto, and proposed

Order was mailed, first class, postage prepaid, this 29th day of August 2008, to:

Ms. Deniece Jones
12221 Brandywine Road
Brandywine, Maryland 20613


_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Deniece Jones,

      Plaintiff,

      v.

Stephanie Yanta, *et al.*,

      Defendants.

C.A. No.: 07-01994 (RJL)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVE KIRCHNER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of his motion to dismiss, defendant Steve Kirchner states as follow:

**Preliminary Statement and Relevant Facts**

Plaintiff Deniece Jones filed her Complaint on November 6, 2007, against Special Agent Stephanie Yanta, FBI Agents Kellie O'Brien and Stephen Naugle, MPD Detectives Steve Kirschner and Norma Horne, as well as Assistant United States Attorney John Geise and Rachel Lieber. *See* Complaint, Generally, at Docket Entry # 1. The crux of plaintiff's claims involves events that she alleges took place during the prosecution of Antoine Jones. *See USA v. Jones, et al,* CR-05-0386.   Plaintiff Deniece Jones was not a defendant in *USA v. Jones*[1].  In that case, Antoine Jones and other defendants were charged in a 34-count Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or more of Cocaine and 50 Grams or More of Cocaine Base. *See U.S. v. Jones*, 451 F.Supp.2d 71, 73 (D.D.C. 2006). As part of their investigation into the alleged conspiracy, law enforcement agents utilized a number of investigative techniques, including placing an electronic tracking device on Antoine Jones' vehicle. *Id.*  On January 10, 2008, Antoine Jones was convicted of Conspiracy with Intent

---

[1] Upon information and belief, Antoine Jones, one of the defendants in *USA v. Jones,* CR-05-0386, is plaintiff's husband.

to Distribute a Controlled Substance. *See* USA v. Jones, et al, CR-05-0386, at Docket Entry #
444.

In the instant matter, plaintiff alleges that defendant Steve Kirchner placed a GPS
tracking device on her personal auto in violation of a Court Order. *See* Complaint, generally. *Id*.
For the following reasons, Steve Kirchner is entitled to dismissal of the Complaint against him as
a matter of law.

## ARGUMENT

**A.    Standard for Motion to Dismiss.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has
failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a
dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of
Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to
plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v.
Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than
labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however
true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at
the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966.
*See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**B.    Plaintiff's Complaint Fails to Comport With Fed. P. Civ. R. 8 and 10, and Dismissal
Is Appropriate.**

Pursuant to F.R.C.P. Rule 8(a), "[a] pleading which sets forth a claim for relief … shall
contain … (1) a short and plaint statement of the grounds upon which the court's jurisdiction

depends, unless the court already has jurisdiction depends, unless the court already has

jurisdiction and the claim needs no new grounds of jurisdiction to support it.  In her Complaint,

plaintiff provides no basis for this court's jurisdiction.

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of
which shall be limited as far as practicable to a statement of a single set of
circumstances…."  "Each claim founded upon a separate transaction or occurrence …
**shall** be stated in a separate count…whenever a separation facilities the clear presentation
of the matters set forth."  (Emphasis added.)

As set forth above, the language contained in Rule 10 is mandatory.  Plaintiff filed a 10-page

Complaint, but the averments are not set forth in numbered paragraphs and do not satisfy the

requirements of Rule 10. See Complaint, generally.  Therefore, dismissal of the Complaint is

warranted because plaintiff failed to comply with Rules 8 and 10.

## C.    Plaintiff's claim that defendant Kirschner placed a GPS device in her vehicle is not actionable and does not violate her constitutional rights.

In this case, plaintiff alleges that Detective Steve Kirchner placed a GPS tracking device

on her personal automobile in violation of the Court Order in *USA v. Jones*, *et al.*, CR-05-0386[2].

In the *Jones'* case, the Court issued an Order allowing for the placement of the device on the

defendant's (Antoine Jones) vehicle for a specified time period.  However, the GPS device was

placed on the vehicle after the expiration of the Order.  The United States argued that the placement

of the GPS device was proper -- "even in the complete absence of a court order" -- because

---

[2] Antoine Jones raised a similar issue in USA v. Jones, et al, CR-05-0386 in a Motion to Suppress
Evidence from the Mobile Tracking Device. In response to Antoine Jones' Motion to Suppress the
government conceded that the GPS device was placed on the vehicle after the Order authorizing its
placement had expired but the government argued that "the placement of the GPS device was proper–
"even in the complete absence of a court order"-because [Antoine] Jones lacked a reasonable expectation
of privacy in the whereabouts of his vehicle." *See U.S. v. Jones*, 451 F.Supp.2d 71, 87 (D.D.C. 2006).
Judge Huvelle ruled that the government is not required to obtain a court order or search warrant to install
a GPS on a vehicle and any data obtained from the vehicle while in public spaces was admissible against
Antoine Jones. Only data obtained from the GPS device when the vehicle was parked in the garage
adjoining a Moore Street property must be suppressed. *Id*.

[defendant] Jones lacked a reasonable expectation of privacy in the whereabouts of his vehicle. *See U.S. v. Jones*, 451 F.Supp.2d 71, 88 (D.D.C. 2006). The *Jones'* Court held that the government is not required to obtain a court order or search warrant to install a GPS or similar tracking device on a vehicle to monitor it in public. *Id., citing United States v. McIver,* 186 F.3d 1119, 1127 (9th Cir. 1999) (placement of tracking device is neither search nor seizure under the Fourth Amendment); *United States v. Moran,* 349 F.Supp.2d 425, 467 (N.D.N.Y. 2005) (no Fourth Amendment violation through installation of GPS device without a warrant because "law enforcement personnel could have conducted a visual surveillance of the vehicle as it traveled on the public highways"). See also, *United States v. Knotts,* 460 U.S. 267, 103 S. Ct. 1081, 75 L. Ed.2d 55 (1983), a case involving a "beeper" device installed in a container that was secreted in a vehicle, that:

> A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another. When [the suspect] traveled over the public streets he voluntarily conveyed to anyone who wanted to look the fact that he was traveling over particular roads in a particular direction, the fact of whatever stops he made, and the fact of his final destination when he exited from public roads onto private property.

In the case at bar, plaintiff's conclusory allegations that defendant Kirschner should be held liable for placing a GPS device on her vehicle fails as a matter of law because the alleged placement of the device did not violate her Fourth Amendment or any other constitutional rights. *Id.*

      WHEREFORE, defendant Steven Kirchner respectfully requests this Court to grant his motion for dismissal for the reasons set forth above.

                        Respectfully submitted,

                        PETER J. NICKLES
                        Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


        /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV



        /s/ Leticia L. Valdes
LETICIA L. VALDES [461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 730-1881
Leticia.Valdes@dc.gov

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Deniece Jones,

      Plaintiff,

    v.                                              C.A. No.: 07-01994 (RJL)

Stephanie Yanta, *et al.*,

      Defendants.

**O R D E R**

Upon consideration of the defendant Steven Kirschner's Motion to Dismiss Plaintiff's

Complaint, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____

day of _____, 2008,

ORDERED:     that the Motion is GRANTED for the reasons set forth in the defendant's

motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED WITH PREJJUDICE

against defendant Steven Kirschner.

_____
JUDGE RICHARD J. LEON
United States District Court for the District of Columbia

cc:   Ms. Deniece Jones
      12221 Brandywine Road
      Brandywine, Maryland 20613